UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS LADD, 02-B-2484,

        Petitioner,

        -v-                                   08-CV-6025(MAT)
                                              **ORDER**
SUPT. MARK L. BRADT,

        Respondent.

---

## I. Introduction

*Pro se* petitioner Thomas Ladd ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Chemung County Court of three counts of Burglary in the Second Degree (N.Y. Penal L. ("P.L.") § 140.25(2)) and three counts of Petit Larceny (P.L. § 155.25), following a jury trial before Judge James T. Hayden. Petitioner was sentenced as a persistent felony offender to concurrent, indeterminate prison terms of 20 years to life on each of the burglary counts, and a concurrent 1-year jail term on each petit larceny count.

## II. Factual Background and Procedural History

On September 27, 2001, petitioner and two other men, Jason Congers ("Congers") and Kenneth Thompson ("Thompson") burglarized three homes in Chemung County, New York, and drove off in

petitioner's car.[1] A postal carrier who was delivering a package to one of the homes observed a car with its engine running in the driveway and two men inside the house with objects scattered about the room. The witness called 911 and reported the description of the car. After hearing a radio transmission regarding the vehicle involved in the burglary, a sheriff's deputy observed the described car and followed it. Petitioner led the officer on a high-speed chase that ended with petitioner crashing into a ditch and the occupants of the car fleeing on foot until they were apprehended. The car was impounded and subsequently searched, resulting in the recovery of various items stolen from the homes of the burglary victims. Trial Tr. 50-55, 65-67, 70-80, 82-88, 108-109, 118-130, 135-139, 142-158, 166, 188, 192-194, 200-201, 207-222, 237-39, 241.

Petitioner testified on his own behalf at trial, asserting that he, Thompson, Congers, and another man, Chris Haynes ("Haynes")[2] were transporting marijuana the day of burglaries. Petitioner and Congers drove Haynes' Jeep to an unknown location while Thompson and Haynes, at that point driving petitioner's car, went to buy the marijuana. According to petitioner, Haynes drove petitioner's car because his Jeep was "known" in that area.

---

[1] Thompson was indicted on four counts of burglary. He agreed to testify as a prosecution witness in exchange for "full consideration" with respect to his sentencing, although he was made no promises with respect to the prison sentence he would receive. Trial Tr. 206, 225-26.

[2] Petitioner testified that Haynes, a drug dealer, had approached petitioner about transporting a large quantity of marijuana for $200. According to petitioner, Haynes died in a police shoot-out prior to the start of trial. Trial Tr. 258-260.

2

Following the transaction, petitioner and Haynes switched vehicles again, petitioner driving his own car with Congers and Thompson as passengers. While petitioner was driving, he noticed a police car following him and did not stop because he thought that he would be implicated in the marijuana purchase. After a high-speed chase, petitioner drove the car into a ditch, and the three men ran from the crashed vehicle. Petitioner, Congers, and Thompson were later apprehended by police, and petitioner denied any involvement in the burglaries. Trial Tr. 259-278.

The jury found petitioner guilty of three counts of Burglary in the Second Degree and three counts of Petit Larceny. Trial Tr. 405-406.[3] The prosecution subsequently filed a statement pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 400.20[4] seeking an order adjudicating petitioner a persistent felony offender pursuant to P.L. § 70.10[5] on the grounds that petitioner had three previous

---

[3] Petitioner, like Thompson, was originally indicted with four counts of each crime.

[4] C.P.L. § 400.20(2) provides:

When information available to the court prior to sentencing indicates that the defendant is a persistent felony offender, and when, in the opinion of the court, the available information shows that a persistent felony offender sentence may be warranted, the court may order a hearing to determine (a) whether the defendant is in fact a persistent felony offender, and (b) if so, whether a persistent felony offender sentence should be imposed.

[5] P.L. § 70.10(2) provides:

When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court . . . may impose the sentence of imprisonment authorized by that section for a class

felony convictions.[6] Following a hearing, in which petitioner's counsel argued that petitioner should not be adjudicated a persistent felony offender because his criminal history was non-violent, the county court concluded that petitioner was a persistent felony offender and sentenced petitioner to concurrent terms of imprisonment of 20 years to life. Sentencing Tr. 5-20.

Petitioner filed a motion pursuant to C.P.L. § 440.20 to set aside the sentence on the ground that the county court's adjudication of petitioner as a persistent felony offender and his enhanced sentence violated his Sixth and Fourteenth Amendments, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that, other than the fact of a prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt). The court denied petitioner's motion on July 10, 2003 without a hearing, relying on People v. Rosen, 96 N.Y.2d 329 (2001), which, as controlling precedent, had previously rejected constitutional challenges to New York's persistent felony offender statute. Ex. I. Petitioner sought leave to appeal the denial of his § 440.20 motion to the Appellate Division, Third Department, which granted leave to

---

A-I felony.

[6] Petitioner had a 1993 conviction for Attempted Assault in the Second Degree (P.L. §§ 110.00, 120.05); a 1994 conviction for Criminal Mischief in the Second Degree (P.L. § 145.10), and a 1998 conviction for Burglary in the Third Degree (P.L. § 140.20), in addition to multiple misdemeanor convictions and a youthful offender adjudication on charges of third-degree burglary and petit larceny. See Resp't Exhibits ("Ex.") A.

4

appeal and have the matter heard in conjunction with his direct appeal. Ex. L.

Through counsel, petitioner filed a brief in the Appellate Division, Third Department, containing the following issues for appeal: (1) the trial court improperly denied petitioner's suppression motion without a hearing; (2) the trial court erred in finding that the search and seizure of petitioner's car was proper under the automobile and inventory search exceptions; (3) the New York persistent felony offender statute is unconstitutional; and (4) ineffective assistance of counsel. Ex. M. The Third Department unanimously affirmed the judgment of conviction. People v. Ladd, 16 A.D.3d 972 (3rd Dept.), lv. denied, 5 N.Y.3d 764 (2005).

This habeas petition followed (Dkt. #1), in which petitioner alleges the following grounds for relief: (1) the Appellate Division improperly applied the inevitable discovery doctrine to his claim that evidence was improperly seized from his vehicle; (2) the trial court improperly applied the inventory exception to the search of his vehicle; (3) the trial court improperly denied his request for a hearing on his motion to suppress the evidence seized from his vehicle; (4) the trial court improperly applied the automobile exception to his claim regarding the search of his vehicle; and (5) New York's persistent felony offender statute is unconstitutional. Petition ("Pet.") ¶ 22, Pet'r Mem. 17-18.

For the reasons that follow, the Court finds that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

    **B.    Merits of the Petition**

        **1.    Fourth Amendment Claims**

Petitioner argues, as he did on direct appeal, that police officers violated his Fourth Amendment rights against unreasonable searches and seizures when they searched the vehicle that petitioner drove into a ditch and then abandoned, following a high-speed chase with police. The Appellate Division rejected petitioner's claims, holding:

> [W]e are persuaded that discovery of the evidence in defendant's vehicle was inevitable. Since it was stuck in a ditch and abandoned by its occupants, defendant's

> vehicle was destined for impoundment and a permissible inventory search under normal police procedures. As there is no doubt whatsoever that such a search would have revealed the physical evidence from these burglaries, we agree that the inevitable discovery doctrine applies and, accordingly, County Court correctly denied defendant's suppression motion without a hearing.

People v. Ladd, 16 A.D.3d at 973 (citations omitted).

In addition to re-asserting his appellate claims, petitioner further argues that the Appellate Division improperly applied the inevitable discovery doctrine. Pet. ¶ 22, Pet'r Mem. at 8-9. The respondent has correctly argued, however, that petitioner's claims alleging Fourth Amendment violations are not cognizable on habeas review and afford him no basis for relief. Resp't Mem. at 18.

In Stone v. Powell, 428 U.S. 465 (1976), the respondent argued that physical evidence used in his trial was the product of an illegal arrest. The Supreme Court held that federal courts could not, on a state prisoner's petition for a writ of habeas corpus, consider a claim that evidence obtained in violation of the Fourth Amendment should have been excluded at his trial, where the prisoner has had an opportunity for full and fair litigation of that claim in the state courts. 428 U.S. at 494; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992); Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991).

Stone requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of

the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (emphasis added). Under this standard, there are only two instances in which a Fourth Amendment claim will be reviewed by a federal habeas court: (1) where the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (2) where the state has provided a corrective mechanism, but the defendant was unable to use it because of an "unconscionable breakdown in the underlying process." Capellan, 975 F.2d at 70 (citing Gates, 568 F.2d at 840).

Clearly, New York has provided the requisite corrective procedures to address petitioner's Fourth Amendment claims. See C.P.L. § 710.10; Capellan, 975 F.2d at 70 n.1 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 . . . as being facially adequate") (quotations and citations omitted). Although the Second Circuit has not defined precisely what constitutes an "unconscionable breakdown," it has observed that some type of "disruption or obstruction of a state proceeding" is required. Capellan, 975 F.2d at 70; see also Joyner v. Leonardo, No. 99 Civ. 1275(DC), 1999 WL 608774, at *4 ("[A]n 'unconscionable breakdown' in the underlying process arises only when 'there has been no meaningful inquiry by the state courts into the petitioner's Fourth Amendment claim or when a "procedural catch-22" prevents the merits of petitioner's claim from ever being heard by

any state court.'") (quoting Burton v. Senkowski, No. 94 Civ. 3836, 1995 WL 669908, at *4 (E.D.N.Y. Nov. 5, 1995) (quoting Cruz v. Alexander, 477 F. Supp. 516, 523 (S.D.N.Y. 1979), appeal dismissed, 622 F.2d 573 (2d Cir. 1980)).

Here, petitioner availed himself of New York's corrective procedures when he filed a motion to suppress the evidence recovered from the automobile. The trial court's summary denial of petitioner's motion without a hearing does not constitute an unconscionable breakdown in the state mechanism for evaluating suppression claims. See Martinez v. Senkowski, 2000 WL 33767628, *8 (N.D.N.Y. Jan. 7, 2000) (citing Defio v. Henderson, 935 F.Supp. 180, 182 (N.D.N.Y. 1996)). Furthermore, petitioner litigated his Fourth Amendment claims in the state appellate court, which considered his claims and rejected them on the merits. Accordingly, petitioner received an opportunity for full and fair litigation of his Fourth Amendment claims in state court, and he is now precluded from further review in this habeas proceeding. These claims are therefore dismissed.

### 2. New York's Persistent Felony Offender Statute

Petitioner next contends that his sentence violated the precepts of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.[7] Pet'r Mem. 17-18. Petitioner was sentenced to a term of

---

[7] The Supreme Court in Apprendi held that "other than the fact of prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt." 530 U.S. at 490. Accord, Ring v. Arizona, 536 U.S. 584 (2002); Blakely

9

twenty years to life, pursuant to New York's discretionary persistent felony offender statute. See P.L. § 70.10.

In April 2010, in a consolidated appeal of five § 2254 habeas petitions, a panel of the Second Circuit concluded that New York's persistent felony offender sentencing scheme violated the Sixth Amendment, and that the New York courts unreasonably applied clearly established Supreme Court precedent in holding otherwise, but remanded the matters to the district court for consideration of whether those errors were harmless. See Besser v. Walsh, 601 F.3d 163, 189 (2d Cir. 2010). The matter was then reheard *en banc*, and, in a 7-3 decision, the Second Circuit held several months later in Portalatin v. Graham, 624 F.3d 69, 73 (2d Cir. 2010), that the state courts did not engage in an unreasonable application of clearly established Supreme Court precedent in holding that § 70.10 does not run afoul of the Sixth Amendment.[8] Portalatin, 624 F.3d at 90-94. Besser, which had held otherwise, accordingly was vacated by

---

v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005); Cunningham v. California, 549 U.S. 270, (2007).

[8] E.g., People v. Rosen, 96 N.Y.2d 329, 335 (2001) (finding § 70.10 did not violate the right to trial by jury under Apprendi because "prior felony convictions are the sole determinate of whether a defendant is subject to enhanced sentencing as a persistent felony offender."); People v. Rivera, 5 N.Y.3d 61, 70 (2005), cert. denied, 546 U.S. 984 (2005)(reiterating that "no additional factfinding beyond the fact of two prior felony convictions is required under Penal Law § 70.10 or under Criminal Procedure Law § 400.20. If, for example, a defendant had an especially long and disturbing history of criminal convictions, a persistent felony offender sentence might well be within the trial justice's discretion even with no further factual findings. Once the defendant is adjudicated a persistent felony offender, the requirement that the sentencing justice reach an opinion as to the defendant's history and character is merely another way of saying that the court should exercise its discretion.").

10

Portalatin. Based upon the authority of Portalatin v. Graham, 624 F.3d 69, petitioner's Apprendi claim challenging his sentencing as a persistent felony offender under P.L. § 70.10 must be denied. See Gibson v. Artus, No. 08-1576, 2010 WL 4342198, *2 (2d Cir. Nov. 3, 2010)(unpublished opinion)("We recently upheld New York's persistent felony offender statute . . . explaining that in the enactment of that statute, 'predicate felonies alone expand the indeterminate sentencing range within which [a] judge has the discretion to operate, and that discretion is cabined only by an assessment of defendant's criminal history.' Under the circumstances, the claim that New York's persistent felony offender statute violated petitioner's right to a jury trial under the Sixth Amendment is without merit.")(quoting Portalatin, 624 F.3d at 94).

### C. Renewed Motion to Appoint Counsel

Also before the Court is petitioner's renewed motion to appoint counsel (Dkt.#18). The Court observes that petitioner's claims were thoroughly set forth in his habeas petition, accompanying memorandum of law, and attached appendix (Dkt. ## 1, 2). In addition, his claims do not present meritorious issues on which habeas relief may be granted, and his motion for counsel is therefore denied. See Varela v. Greiner, No. 01 CIV. 9378(GEL), 2002 WL 1798792, *3, n.6 (S.D.N.Y. Aug. 5, 2002)(denying motion for appointment of counsel submitted concurrent with habeas petition, where issue was argued extensively in two briefs and was "clearly

meritless"); see also Rodriguez v. U.S., 111 F.Supp.2d 112, 115 (D.Conn. 1999) (denying request for appointment of counsel in § 2255 action because petitioner's claims were meritless and time-barred).

**IV. Conclusion**

For the reasons stated above, Thomas Ladd's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962). Petitioner's motion to appoint counsel is also denied.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: January 31, 2011
Rochester, New York